Joseph Life, J.
The petitioner asks the court to compel the respondent to issue to him a ‘ ‘ J.D. ’ ’ degree.
Authority for establishing rules to carry into effect the laws and policies of the State relating to education is conferred upon the Board of Regents (Education Law, § 207). Pursuant to that authority that body provided (8 NYCRR 3.50 [b] [13]) that a “ J.D.” degree would be granted to those persons who before beginning the study of law had successfully completed at least three years of acceptable college work in an accredited institution or its equivalent, as defined in the rules of the Court of Appeals for the admission of attorneys. The studies which the petitioner pursued subsequent to his admission to the law school do not meet the requirements. Petitioner, having failed .to demonstrate a clear legal right to the relief requested and the refusal of the respondent to perform a duty imposed upon it by law, cannot succeed (cf. Matter of Salter v. New York State Psychological Assn., 14 N Y 2d 100; Matter of Phalen v. Theatrical Protective Union, 27 A D 2d 909, revd. on other grounds 22 N Y 2d 34; Matter of Taitt v. Wagner, 26 A D 2d 881; Board of Educ. Union Free School Dist. No. 6 v. Board of Co-op. Educ. Serv., 25 A D 2d 864). The petition is dismissed and judgment granted to the respondent.